**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50047 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00918-JLS-2 |
| v. | |
| SALVADOR PACHECO-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50048 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00918-JLS-1 |
| v. | |
| MAURO BARRERA-MORENO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted December 5, 2011
Pasadena, California

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District Judge.[**]

Defendants-Appellants Salvador Pacheco-Garcia and Mauro Barrera-Moreno ("Defendants") appeal the district court's denial of their motions to suppress evidence in connection with their convictions for possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

The facts are known to the parties and we do not recite them here.

## I. Factual Findings and Credibility Determination

This Court reviews findings of fact regarding motions to suppress for clear error. *See* FED. R. CIV. P. 52(a)(6); *United States v. Prieto-Villa*, 910 F.2d 601, 604 (9th Cir. 1990). Review under the clearly erroneous standard is significantly deferential, requiring a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted). Credibility determinations are given particular deference. *See*

---

[**] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

2

FED. R. CIV. P. 52(a)(6); *Rozay's Transfer v. Local Freight Drivers,* 850 F.2d 1321, 1327 (9th Cir. 1988).

We accept the district court's factual findings and credibility determination of the Agents as not clearly erroneous. But that is not the end of the matter. We must also determine, on *de novo* review, whether the Agents had reasonable suspicion to warrant a *Terry* stop of the Defendants. We find that the Agents had the required reasonable suspicion.

## II. Reasonable Suspicion

Whether reasonable suspicion existed under given facts is a legal conclusion subject to *de novo* review. *See United States v. Arvizu*, 534 U.S. 266, 275 (2002). Each of the reasonable suspicion factors considered by the district court were proper, and those factors, considered together, rise to the level of individualized reasonable suspicion under the totality of the circumstances. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975) (holding "officers on roving patrol may stop vehicles only if they are aware of specific articulable facts"). As *Arvizu* teaches, the possibility that the Defendants' admitted abrupt lane changes might have an innocent explanation does not preclude consideration of this suspicious conduct in light of all the other factors known to the Agents and considered by the district court. 534 U.S. at 277-78.

Accordingly, we AFFIRM the district court's denial of Barrera-Moreno's and Pacheco-Garcia's motions to suppress.